OPINION
This timely appeal arises from the trial court's judgment entry overruling Appellant's motion to withdraw his guilty pleas to charges in three separate lower court cases. For the following reasons, we affirm the decision of the trial court.
In Case No. 95-CR-551, Appellant Duane Colvin was charged with one count of aggravated robbery in violation of R.C. §2911.01(A)(1)(B) with a firearm specification and one count of unlawful possession of a dangerous ordnance in violation of R.C. § 2923.17(A)(C). In Case No. 95-CR-852, Appellant was charged with one count of escape in violation of R.C. §2921.34(A)(C)(2)(b). In Case No. 95-CR-946, Appellant was charged with one count of complicity to aggravated robbery in violation of R.C. § 2923.03(A)(2)(F) and R.C. § 2911.01(A)(1)(B) with a firearm specification and one count of aggravated robbery in violation of R.C. § 2911.01(A)(1)(B) with a firearm specification.
Pursuant to a plea agreement, Appellant pled guilty to all charges in exchange for the State standing silent at sentencing and dismissing the firearm specifications in Case No. 95-CR-946. The trial court accepted Appellant's guilty plea after a lengthy colloquy during which the court determined that Appellant understood his pleas and their implications and that Appellant entered his pleas knowingly, intelligently and voluntarily.
On March 21, 1996, Appellant appeared for sentencing at which time Appellant, against the advice of trial counsel, moved the court to withdraw his guilty pleas on all counts except for the charge of escape. Appellant stated that his trial counsel told him that his plea agreement would result in a certain sentence. However, Appellant did not indicate to the court the length of that "certain" sentence.
Trial counsel responded that he discussed with Appellant possible sentencing, the differences between concurrent and consecutive sentencing and that when the court imposed sentence it would likely consider the fact that Appellant pled guilty as opposed to proceeding to trial. The court overruled the motion stating that it was made clear to Appellant that the court alone determines a sentence and that Appellant unequivocally indicated that he understood the implications of his pleas.
On March 25, 1996, the trial court filed its judgment entries sentencing Appellant. In Case No. 95-CR-551, the court sentenced Appellant to ten to twenty-five years in prison on the aggravated robbery charge, three years actual incarceration for the firearms specification and one and one-half a definite term of one-half years for unlawful possession of a dangerous ordnance. All of these prison terms were to be served consecutive to one another. In Case No. 95-CR-852, the trial court sentenced Appellant to three to fifteen years in prison for escape. In 95-CR-946, the trial court sentenced Appellant to ten to twenty-five years in prison on the complicity to aggravated robbery charge and to ten to twenty-five years in prison for aggravated robbery, both terms to be served consecutively to one another. Furthermore, the court ordered that the sentences in each of the three cases be served consecutively with one another.
On April 2, 1996, Appellant filed his notice of appeal. His first assignment of error alleges:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO ALLOW THE DEFENDANT-APPELLANT TO WITHDRAW HIS GUILTY PLEAS PRIOR TO SENTENCING."
Appellant argues that the trial court did not afford him a proper hearing in which to thoroughly advise the court of his basis for requesting to withdraw his guilty pleas. For this reason alone, Appellant concludes, the trial court was unreasonable and abused its discretion.
"The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.State v. Xie, (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. Furthermore:
 "* * * a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea * * * Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.'"
Id. at 527, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
In the present case, the trial court met the requirements set forth in Xie. Upon Appellant's motion, the trial court immediately heard Appellant and allowed him to state his basis for making this motion. Sentencing Transcript (hereinafter Sent. Tr.), 6. Appellant stated that his trial counsel told him, that he, "* * * was supposed to get a certain time" and that, "[n]ow he changed that." Sent.Tr., 6. In response to his argument, the court noted that it had made an extensive inquiry into Appellant's understanding of the implications of his plea and that Appellant "unequivocally" understood that the court alone determined sentencing despite any assurances or promises from any other party. Sent.Tr, 7.
The court also heard from trial counsel who explained that he discussed with Appellant possible sentencing, the difference between concurrent and consecutive sentencing and that the court would consider a guilty plea when imposing sentence. Sent.Tr., 10. Trial counsel also indicated that he explained that removal of two firearm specifications would reduce his possible sentence by six years but that he, "* * * could not guarantee what the sentence of [the trial court] would be." Sent.Tr., 10. Trial counsel concluded that Appellant clearly understood the plea agreement and possible sentencing. Sent.Tr., 10. The court agreed, stating, "I am satisfied of that fact because I questioned him myself here in the courtroom and asked him specifically if anybody had told him anything other than what he and I were talking about." Sent.Tr., 10.
The court's position at the sentencing hearing is supported by the transcript of the plea hearing. The trial court ascertained that Appellant desired to proceed with the plea agreement and, consistent with Crim.R. 11(C)(2), addressed Appellant's understanding of the consequences of his guilty pleas. The court also ascertained that Appellant understood the nature of the charges against him and that he was satisfied with his trial counsel's representation and advice. Transcript of plea hearing (hereinafter, Plea Tr.), 11. Furthermore, Appellant indicated that he understood the constitutional and statutory rights he was relinquishing by pleading guilty and that his pleas were an admission of each and every element of the crimes charged against him. Plea Tr., 12. The court addressed the issue of the possible sentence which it may impose, including concurrent sentencing, which Appellant indicated that he understood. Plea Tr., 14-23. Moreover, Appellant indicated his understanding that sentencing was within the discretion of the court and not subject to any recommendations or statements of his counsel, the prosecutor, the Adult Parole Authority or the victims. Plea Tr., 27. Finally, the court confirmed that Appellant's decision to plead guilty was his decision alone. Plea Tr., 24-25. Specifically, when the court asked Appellant whether anyone coerced him to plead guilty, Appellant responded, "This is my own decision." Plea Tr., 24.
In light of the trial court's careful consideration of Appellant's guilty pleas and its attention to Appellant's understanding of the consequences of his pleas, we cannot find that the trial court acted in an unreasonable, arbitrary or unconscionable manner. Appellant's first assignment of error lacks merit.
Appellant's second assignment of error alleges:
 "THE DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT THE TIME OF HIS REQUEST TO WITHDRAW HIS GUILTY PLEAS."
To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this performance resulted in prejudice. Strickland v. Washington
(1984), 466 U.S. 668, 687.
In the present case, Appellant contends that his trial counsel fell below that objective standard when he failed to properly present his client's reason for moving to withdraw his guilty pleas. In addition, Appellant argues that trial counsel's statement to the court that he did not support Appellant's motion placed trial counsel in direct conflict with Appellant's interests. Appellant contends that trial counsel's defense of his own actions prejudiced Appellant to the extent that he violated an essential duty to Appellant.
In Strickland v. Washington, supra, the United States Supreme Court set forth a two prong test to determine whether claims that a defendant received ineffective assistance of counsel are valid:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose results are reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the results unreliable."
Id., 687.
In applying the first prong of the Strickland test, "* * * a court must indulge a strong presumption that counsel's performance falls within a wide range of reasonable professional assistance * * *" Id., 684. Thus, we begin by presuming that the actions of counsel challenged by a defendant might be considered sound trial strategy. Id. citing Michel v. Louisiana (1955),350 U.S. 91, 101. To determine prejudice under the second prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."Id., 694.
Although it is clear that the Strickland test requires an Appellant to show both deficient performance and resulting prejudice, the Strickland court also noted that the analysis may begin with the second prong of the test: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id., 697. Following this course, we find no prejudice to Appellant from any of trial counsel's actions.
The alleged deficient performance by Appellant's trial counsel was that he failed to adequately present Appellant's reason for moving to withdraw his guilty pleas and that the manner in which he handled Appellant's request created a conflict of interest. According to Appellant, he desired to change his plea based on his alleged understanding that a certain sentence would be imposed. However, as discussed in the first assignment of error, it was within the court's discretion to overrule the motion. In addition, the lengthy colloquy between the court and Appellant at the plea hearing demonstrates that Appellant unequivocally understood the implications of his guilty pleas. The court noted that this undisputed understanding was the basis for overruling Appellant's motion. Sent.Tr., 11-12. In short, even if trial counsel had proffered an argument consistent with Appellant's assertion that he believed he would receive a specific sentence, the court most likely would not have sustained Appellant's motion. The court's decision to overrule the motion was grounded in its sound discretion and unquestionable confirmation that Appellant understood the implications of his guilty pleas. Appellant has not demonstrated, nor do we see, any prejudice resulting from the claimed deficient performance by trial counsel.
This assignment of error lacks merit. We therefore affirm the decision of the trial court.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ______________________________ CHERYL L. WAITE, JUDGE